# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

RONNY FLOWERS, *special administrator for Lee Von Day, deceased*,

Plaintiff,

vs.

CENTENNIAL HILLS HOSPITAL MEDICAL CENTER,

Defendant.

Case No. 2:17-cv-02343-JAD-VCF

**REPORT & RECOMMENDATION**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1) AND COMPLAINT (ECF NO. 1-1)

Before the Court are *pro se* Plaintiff Ronny Flowers' application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the reasons stated below, the Court recommends that Flowers' complaint be dismissed with prejudice for lack of subject matter jurisdiction and Flowers' *in forma pauperis* application be dismissed as moot.

## DISCUSSION

Federal courts have limited jurisdiction and are only able to hear cases authorized by the Constitution and Congress. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1195-96 (9th Cir. 2016). The general bases for federal jurisdiction are (1) the action arises under federal law or that (2) all plaintiffs are diverse in citizenship from all defendants and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. Under Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

In this case, Flowers brings a personal injury claim against Centennial Hills Hospital Medical Center. (ECF. No. 1-1). Flowers asserts that the Court has diversity jurisdiction over the case. (ECF No. 1-2). However, Flowers also states that he is a citizen of Nevada and Centennial Hills is a business

1

incorporated or with its principal place of business in Nevada. (*Id.*) Because Flowers and Centennial Hills are both from Nevada, there is no diversity of citizenship. In addition, as this is a personal injury case, there is no federal question at issue. Therefore, the Court lacks subject matter jurisdiction over this case and the case should be dismissed with prejudice. Fed. R. Civ. P. 12(h)(3); *Cat Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction.").

ACCORDINGLY,

IT IS RECOMMENDED that Flowers' complaint be DISMISSED with prejudice. (ECF No. 1-1).

IT IS FURTHER RECOMMENDED that Flowers' application to proceed *in forma pauperis* be DISMISSED as moot. (ECF No. 1).

## NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (*See Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO RECOMMENDED.

DATED this 15th day of September, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE